Dugro, J.
This is an appeal from an order appointing a-receiver of the rents, issues and profits of the mortgaged premises during the pendency of an action to foreclose the mortgage.
The motion was based upon the following covenant- to the mortgage:
‘ ‘And it is further expressly covenanted and agreed by and between the parties hereto, that if default shall be made in payment of the principal sum mentioned in the condition of the said bond, or if any part thereof, or of the interest which shall accrue thereon, or of any part thereof, or of any tax: or assessment, or of any part thereof, or of the interest thereon, or of any part thereof, at the respective times therein specified for the payment thereof, the party of the second part, her successors, legal representatives or assigns, shall have the right, forthwith, after any such default, to enter upon and take possession of the said mortgaged premises- and receive the rents, issues and profits thereof, and apply the same, after payment of all necessary charges and expenses, on account of this mortgage, and of the bond accompanying the same.”
And the said party of the second part, her successors, legal representatives or assigns, shall be at liberty immediately after any such default, upon a complaint filed, or any *753 other proper legal proceedings commenced for the foreclosure of this mortgage, to apply for and shall be entitled as a m’atter of right, and without regard to the value of the premises above described, or the solvency or insolvency of the party of the first part, or of any owner of said prem ises, and on eight day’s notice to the party of the first part, his heirs or assigns, to the appointment by any competent court or tribunal of a receiver of the- rents, issues and profits of said premises, with the power to lease the said premises for a term to be approved by the court, with power to pay taxes, assessments and water rents, which are or may become liens upon said premises, and keep the same insured, and with power to take proceedings to dispossess tenants; and make all necessary repairs, and with such other powers as maj be deemed necessary, who, after deducting all charges and expenses attending the execution of the said trust as receiver, shall apply the residue of the said rents and profits to the payment and satisfaction of this mortgage, and the bond accompanying the same, or to any deficiency which may arise after, applying the proceeds of the sale of said premises to the amount due, including interest and costs and expenses of the foreclosure sale.”
By this covenant the mortgagor pledged the rents, issues and profits of the mortgaged premises.
It is well settled that the court may make a decree in foreclosure, when obtained, relate back to time of the commencement of the action, and where necessary for the security of the mortgage debt (even where no pledge of the rents etc , is constituted a security for the payment of the debt) appoint a receiver of the rents and profits accruing in the interval between the commencement of the action and final judgment.
It cannot, therefore, with any justice, be claimed that in cases where the parties have themselves agreed upon the time when the rents, issues and profits should become security for the debt, the court should treat as of no force and effect what is virtually a contract between the parties, unless a failure to treat it would be unconscionable.
As we stated in the case of MacKellar v. Rogers (52 Supr., 362), “The covenant means that the mortgagee shall have the benefit (of rents and profits) while the litigation is pending down to the only sufficient and competent mode of deciding the issues of the action.
The order is affirmed, with ten dollars costs.
Sedgwick, Ch. J., concurs.